1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONALD JAMES,

          Plaintiff,

    v.

WENDY'S INTERNATIONAL, INC.,

          Defendant.

No. C05-0021P

ORDER ON PLAINTIFF'S MOTION
TO AMEND AND DEFENDANT'S
MOTION TO DISMISS

      This matter comes before the Court on two motions: (1) Plaintiff's motion for leave to amend his complaint, and (2) Defendant's motion to dismiss for failure to state a claim.  Having reviewed all materials submitted in support of and in response to the motions, the Court hereby GRANTS Plaintiff's motion for leave to amend and DENIES the Defendant's motion to dismiss.  Fed. R. Civ. P. 15 teaches a liberal approach to amendments.  Plaintiff is granted leave to amend his complaint.  In light of Plaintiff's amended complaint, Defendant's motion to dismiss for failure to exhaust administrative remedies is moot.  Defendant's motion to dismiss also fails because Plaintiff has alleged sufficient facts, that if true, would entitle him to relief.

**BACKGROUND**

ORDER - 1

1    Plaintiff Donald James ("James") began working for Defendant Wendy's International, Inc.

2 ("Wendy's") in October 1989 and eventually rose to the level of co-manager of a Wendy's in Renton.

3 As co-manager, James helped the store achieve several corporate performance goals.  In May 2002,

4 however, James was demoted to assistant manager, a position which paid $2,200 less a year than his

5 previous one.  At the time, a regional manager told James he had not fulfilled his duties as co-manager.

6 In November 2003, James was terminated for alleged violations of Wendy's cash control policy,

7 including cash shortages and giving false statements regarding cash handling.

8    Following his termination, James filed an employment discrimination claim with the U.S. Equal

9 Employment Opportunity Commission ("EEOC") against Wendy's.  He alleged that his demotion and

10 firing were tied to his race, color, and participation in a separate legal action against Wendy's by

11 another employee.  In interviews and correspondence with the EEOC, James acknowledged that he

12 violated Wendy's cash control policy on one occasion due to short staffing.  He also acknowledged

13 receiving several write-ups for cash control violations prior to his termination.  However, James

14 asserts that the type of violations for which he was fired are quite common and that the company has

15 not fired other employees for similar actions.  James was unable to provide an EEOC investigator with

16 the names of such employees, but suggested he could do so if given access to employee schedules,

17 cash pull receipts and other company records.

18    Wendy's denies James's employment discrimination claim and asserts that it had a legitimate,

19 non-discriminatory reason for firing him.  The EEOC records attached to James's complaint indicate

20 he received approximately 20 disciplinary writeups during his tenure with the company, four of which

21 were for cash control violations in 2002 and 2003.

22    The EEOC issued a right-to-sue letter on October 5, 2004, which James received on October

23 7, 2005.  The letter stated that the EEOC had found no basis on which to establish a statutory

24 violation.

25

ORDER - 2

1    James filed suit on January 4, 2005, alleging employment discrimination on the basis of

2    national origin under Title VII of the Civil Rights Act of 1964.  Defendant brings this motion to

3    dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Defendant argues that (1) Plaintiff

4    failed to exhaust his administrative remedies before the EEOC and (2) that Plaintiff has no sustainable

5    cause of action against Defendant.  Plaintiff, in turn, has sought leave to amend his complaint; he

6    wishes to replace "national origin" with "race, color, and retaliation" as the basis for his claim.

7                                                     **ANALYSIS**

8    **I. Plaintiff's Motion for Leave to Amend His Complaint**

9            Fed. R. Civ. P. 15(a) allows a party to amend a pleading at any time with leave of the court,

10   and directs that leave should be freely granted "when justice so requires."  Ninth Circuit case law

11   strongly supports a liberal approach to allowing amendments. Lopez v. Smith, 203 F.3d 1122, 1128

12   (9th Cir. 2000) ("[W]e have repeatedly stressed that the court must remain guided by the underlying

13   purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or

14   technicalities.").  However, Rule 15(a) does give the district court discretion to deny leave to amend

15   for reasons such as bad faith, undue delay, prejudice to the opposing party, or  futility of the

16   amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962).  An amendment is considered futile "only

17   if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and

18   sufficient claim or defense." Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988).

19           Under Fed. R. Civ. P. 15(c)(2), an amendment to a pleading relates back to the date of the

20   original pleading – thus avoiding a statute of limitations problem – when the new claim "arose out of

21   the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

22           Here, the Plaintiff asks to replace "national origin" with "race, color, and retaliation" as the

23   basis for his discrimination claim to comport with his earlier EEOC claim.  Plaintiff acknowledges that

24   his original complaint was in error.  There is no indication his request to amend is motivated by bad

25   faith or that it would create prejudice or undue delay, and Defendant has not raised any of these

ORDER - 3

1    objections.  Moreover, Defendant had notice of the three substitute bases by virtue of Plaintiff's

2    EEOC complaint.  Instead, Defendant objects to Plaintiff's proposed amendment on two grounds: (1)

3    that it is futile, and (2) that it would violate the 90-day time limit for filing a lawsuit after the EEOC's

4    dismissal of Plaintiff's claim.

5           Plaintiff's proposed amendment cannot be considered futile because Plaintiff <u>could</u> provide

6    facts that would sustain his claim of employment discrimination.  The likelihood of his success is not at

7    issue here.  Through discovery, Plaintiff <u>could</u>, for example, obtain evidence to support his claim that

8    the Defendant treated other employees more favorably with regard to violations of the company's cash

9    control policy.

10          In support of its theory that the proposed amendment would be futile, Defendant cites <u>Cahill v.</u>

11   <u>Liberty Mut. Ins. Co.</u>, 80 F.3d 336 (9th Cir. 1996).  But <u>Cahill</u> is inapposite.  The case involved an

12   attempt by plaintiffs to recover from Liberty Mutual Insurance ("Liberty") a default judgment against a

13   company insured by Liberty.  The district court found that the insurance policy issued by Liberty did

14   not allow the plaintiffs to bring any direct action against Liberty and the damages awarded in the

15   default judgment were not covered by the insurance policy.  Thus, the Ninth Circuit affirmed the

16   district court's denial of leave to amend based on futility because plaintiffs could not have stated <u>any</u>

17   valid claim for recovery against Liberty.  The situation here is quite different.  Race, color and

18   retaliation are all valid bases for employment discrimination claims under Title VII.  Because of this,

19   Plaintiff's proposed amendment cannot be considered futile.

20          Finally, Defendant contends that Plaintiff's amendment should be barred for exceeding the 90-

21   day time limit for filing suit after the EEOC's dismissal of a claim.  The EEOC dismissed Plaintiff's

22   complaint on October 5, 2004 in a letter that Plaintiff received on October 7, 2004.  Plaintiff filed his

23   original complaint 89 days later, on January 4, 2005.  The EEOC's "Dismissal and Notice of Rights"

24   letter instructed Plaintiff that any lawsuit based on the same charge would have to be filed within 90

25   days "from your receipt" of the letter.  See <u>Lynn v. Western Gillette, Inc.</u>, 564 F.2d 1282, 1286 (9th

ORDER - 4

Cir. 1977) ("[T]he ninety-day period does not begin until the charging party receives a letter specifically informing him of his right to sue."). Thus, Plaintiff's original complaint is not time barred.

Plaintiff filed his motion to amend on March 15, 2005, well beyond the 90-day limit. However, Plaintiff's proposed amendment satisfies the criteria under Fed. R. Civ. P. 15(c) for relating back to the date of the original complaint because it stems from the same conduct and circumstances described in his original complaint and attached exhibits. The Defendant essentially acknowledged this in its opposition to Plaintiff's motion to amend, by stating that Plaintiff's newly asserted claims "arise from the exact same set of facts raised in plaintiff's complaint." (Opp'n at 3). Thus, Plaintiff's amendment relates back to the original complaint, which was filed within the 90-day limit.

## II. Defendant's Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6)

Defendant's motion asserts two grounds for dismissing Plaintiff's complaint: failure to exhaust his administrative remedies and lack of evidence to establish a claim.

A. Exhaustion of Administrative Remedies

Title VII, 42 U.S.C. § 2000e-5, requires a plaintiff to exhaust his administrative remedies with the EEOC before filing a civil lawsuit. In keeping with this, plaintiffs are not permitted to litigate Title VII claims in federal court alleging discrimination on a basis other than that alleged in the discrimination claim filed with the EEOC. See e.g. Lowe v. City of Monrovia, 775 F.2d 998, 1003-04 (9th Cir. 1985). ("When a plaintiff fails to raise a Title VII claim before the EEOC, the district court lacks subject matter jurisdiction to hear it.").

In his complaint, Plaintiff listed national origin as the basis for the alleged employment discrimination. Yet his EEOC complaint listed race, color and retaliation as grounds for his claim. Thus, Defendant is technically correct that Plaintiff would be barred from bringing his suit under the

wording of his original complaint.  However, the Court's decision to allow Plaintiff to amend his

complaint will cure this deficiency and moot Defendant's objection.

B. Lack of Evidence to Establish a Claim

Dismissal under Fed. R. Civ. P. 12(b)(6) is warranted only if "it appears beyond doubt that

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Van

Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002).  All allegations of material

fact are construed in a light most favorable to the non-moving party. Allwaste, Inc. v. Hecht, 65 F.3d

1523, 1527 (9th Cir. 1995).  Nonetheless, "[c]onclusory allegations of law and unwarranted inferences

are insufficient to defeat a motion to dismiss for failure to state a claim." Arpin v. Santa Clara Valley

Transp. Agency, 261 F.3d 912, 923 (9th Cir. 2001).

With regard to Title VII employment discrimination claims, the Supreme Court has held that

such claims need not include facts or evidence establishing a prima facie case. Swierkiewicz v. Sorema

N.A., 534 U.S. 506, 508 (2002).  Rather, they must contain only "a short and plain statement of the

claim showing that the pleader is entitled to relief" as required by Fed. R. Civ. P. 8(a)(2). Id. at 512.

("Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests.").

Here, Defendant contends that Plaintiff must establish a prima facie case and does not

reference Swierkiewicz in its motion or reply in support of the motion.  Instead, Defendant cites

several cases that dealt with motions for summary judgment, for which there is a higher evidentiary

standard.  See Fonseca v. Sysco Food Services of Ariz., Inc., 374 F.3d 840 (9th Cir. 2004); Peterson v.

Hewlett-Packard Co., 358 F.3d 599 (9th Cir. 2004).  Defendant also cites Maduka v. Sunrise Hospital,

375 F.3d 909 (9th Cir. 2002), but that case applied the Swierkiewicz holding to an employment

discrimination case filed as a federal civil rights action.  In <u>Maduka</u>, the Ninth Circuit reversed a district court's dismissal of plaintiff's claim, stating that the district court "ignores <u>Swierkiewicz's</u> command that an employment discrimination plaintiff need not plead a prima facie case of discrimination." <u>Id.</u> at 912 (internal quotations omitted).

In its reply to the motion to dismiss, Defendant acknowledges that Plaintiff "may not have had an obligation to prove a prima facie case," but suggests that Plaintiff still fails to state a claim because he has not supplied evidence to support his allegation that other employees violated the same policies but were treated differently. (Def.'s Reply at 3).  In addition, Defendant points to the EEOC investigator's conclusion that too much time had elapsed between Plaintiff's termination and his participation in another employee's claim against Defendant to support an inference of retaliation. These arguments are misplaced.  As noted above, Plaintiff is not required to provide evidence in support of his claim to survive a Rule 12(b)(6) motion.  In a 12(b)(6) motion, all allegations in the complaint are treated as true.  Given Rule 8(a)(2)'s requirement that Plaintiff set forth "a short and plain statement of the claim" showing he is entitled to relief, his factual allegations are sufficient to survive Defendant's motion to dismiss.

## CONCLUSION

The Court GRANTS the Plaintiff's motion for leave to amend his complaint in keeping with the Ninth Circuit's liberal approach to allowing amendments and the underlying policy of deciding cases on the merits, rather than technicalities.  In connection with this, the Plaintiff's proposed amendment relates back to the date of the original filing because it arises out of the same facts and circumstances contained in the original complaint.

1    The Court DENIES the defendant's motion to dismiss for failure to state a claim under Rule

2  12(b)(6).  Plaintiff's amended complaint will moot the claim that he failed to exhaust administrative

3  remedies.  Plaintiff has satisfied the simple requirement of Rule 8(a)(2) and has alleged facts sufficient

4  to survive a 12(b)(6) motion to dismiss.

5    The clerk is directed to provide copies of this order to all counsel of record.

6

7    Dated: May 5, 2005

8                                                    /s/ Marsha J. Pechman

9                                                    Marsha J. Pechman
                                                     United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER - 8